# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KENYADI EVANS,

                Plaintiff,

v.

TAYLOR, *Warden*, JANE DOE, *Unit Manager*, JOHN DOE, *Lt.*, and MCCLAHAN, *Teacher*,

                Defendants.

Case No. 21-CV-550-JPS

**ORDER**

      Plaintiff Kenyadi Evans ("Plaintiff"), an inmate confined at Kettle Moraine Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (Docket #1). This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee, (Docket #2), and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

      On May 5, 2021, the Court ordered Plaintiff to pay an initial partial filing fee of $92.74. (Docket #5). Plaintiff paid that fee on May 25, 2021. The Court will grant Plaintiff's motion for leave to proceed without prepaying

the filing fee. (Docket #2). He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2. **SCREENING THE COMPLAINT**

    2.1 **Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone acting under color of state law deprived him of a right secured by the Constitution or the laws of the United States. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v.*

*County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

In 2019, Plaintiff was housed as an inmate at the Racine Youthful Offender Correctional Facility ("RYOCF") and attended school there. (Docket #1 at 2). In October 2019, Plaintiff was a student in Defendant McClahan's ("McClahan") classroom. (*Id.*) During class, McClahan allegedly played a video showing a black man smoking crack cocaine and running around naked while yelling. (*Id.*) After showing the video, McClahan called the man a racial slur and stated that black men like the one in the video are why black people are treated poorly by white people and the police. (*Id.*) She then questioned the students in the classroom, including Plaintiff, on whether she could begin calling them by the N-word because they used the word to refer to each other. (*Id.*) Continuously using the N-word, she stated that the black students in her class should be "treated [like] Rosa Parks, and be made to sit on the back of the bus like the old days." (*Id.*)

Around October 10, 2019, after attending McClahan's class, Plaintiff and his fellow black inmates and peers informed a prison official, Jane Doe, about McClahan's statements. (*Id.* at 3). After Jane Doe wrote down Plaintiff's statements, she sent Plaintiff to his cell. (*Id.*) Thirty minutes later, Jane Doe and Warden Taylor ("Taylor") questioned Plaintiff in Taylor's office about McClahan's actions. (*Id.*) Taylor then asked Lt. John Doe to further question Plaintiff. (*Id.*) Lt. John Doe brought Plaintiff into a separate room where he wrote down Plaintiff's statement and had Plaintiff sign the

Page 3 of 8
Case 2:21-cv-00550-JPS   Filed 01/05/22   Page 3 of 8   Document 8

statement. (*Id.*) After speaking with Taylor and the Does, Plaintiff filed an inmate complaint. (*Id.*)

Plaintiff states that he never received a response to his inmate complaint. (*Id.*) On January 30, 2020, Plaintiff was transferred to a different institution. (*Id.* at 4). Plaintiff believes that Defendants took this action against him in retaliation for his complaints and out of discriminatory motive. (*Id.*)

### 2.3    Analysis

Plaintiff's claims stem from hostile and racist remarks made to and about him while he was attending class at RYOCF. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). Thus, "[t]he use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution." *Id.* As to McClahan's conduct, Plaintiff alleges only that she used racial slurs and derogatory language when talking to and about Plaintiff. While this conduct is deplorable, it does not rise to a constitutional violation.

As to the remaining defendants, Plaintiff alleges that they knew about McClahan's conduct but ignored Plaintiff's complaints and had Plaintiff transferred to another institution because he complained. To state a First Amendment retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557

Page 4 of 8
Case 2:21-cv-00550-JPS    Filed 01/05/22    Page 4 of 8    Document 8

F.3d 541, 546 (7th Cir. 2009). "A prisoner has a First Amendment right to make grievances about conditions of confinement." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010). Additionally, "an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for a different reason, would have been proper." *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) (quoting *Buise v. Hudkins*, 584 F.2d 223, 229 (7th Cir. 1978)).

Here, Plaintiff has passed the hurdles of elements one and two. He has not, however, alleged any detail as to why he believes the remaining defendants were motivated to transfer Plaintiff to another institution because of the events that happened in the classroom. His complaint, if true, alleges plenty of racially-motivated behavior by McClahan, but it contains nothing about the remaining defendants' motivations. It states only that they immediately took action to document the classroom occurrences and that Plaintiff was transferred to a new facility a few months later. Plaintiff offers a single, conclusory statement: that Defendants "retaliated at [Plaintiff] and transferred [him]." (Docket #1 at 4). Plaintiff needs to better allege why he believes the remaining defendants transferred him based on improper motive. He also needs to allege why the transfer had a detrimental impact on Plaintiff.

3.   **CONCLUSION**

The Court will allow Plaintiff an opportunity to amend his complaint to expound upon his allegations against the remaining defendants. If Plaintiff chooses to offer an amended complaint, Plaintiff should provide the Court with enough facts to answers to the following questions: (1) who retaliated against him (i.e., Plaintiff should name or better describe the Doe defendants); (2) how they retaliated against him; and (3) why he believes

Page 5 of 8
Case 2:21-cv-00550-JPS   Filed 01/05/22   Page 5 of 8   Document 8

they retaliated against him. Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each defendant with notice of what each defendant allegedly did or did not do to violate Plaintiff's rights.

The Court is enclosing a copy of its complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before

**February 7, 2022.** If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $257.26 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 5th day of January, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge